UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELLE MELENDEZ,

                Plaintiff,

-against-

COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTIONS
SUPERIOR OFFICE, and KEVIN CHEVERKO,
*individually and in his official capacity,*

                Defendants.

17-cv-9637 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

On December 7, 2017, Plaintiff Michelle Melendez ("Plaintiff"), a former Correctional Officer trainee at the Westchester County Department of Corrections Superior Office ("DOC"), commenced this action under: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, the American Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.* ("ADA"), 42 U.S.C. § 1983, New York State Human Rights Law Executive Law § 296, and Tortious Interference under New York State Tort Law. (*See* Complaint ("Compl."), ECF No. 1; Amended Complaint, ("AC"), ECF No. 31.) Plaintiff alleged that while a trainee, she was subject to sex/gender discrimination, disability discrimination, sexual harassment, a hostile work environment, retaliation, and wrongful termination by the County of Westchester, Westchester County Department of Corrections Superior Office, and Kevin Cheverko (collectively, "Defendants").

On January 16, 2019, this Court issued an Opinion and Order in which it GRANTED in part and DENIED in part Defendants' Motion to Dismiss. (*See* ECF Nos. 37, 42.):



> Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims for: disability-based discrimination and retaliation under the ADA and New York State law, sex-based discrimination under Title VII, tortious interference under New York State Law, and Section 1983 based on a due process violation.
>
> Defendants' Motion to Dismiss Plaintiff's claims for sex- based discrimination and retaliation under New York State law is DENIED, and similarly, Defendants' Motion to Dismiss her 1983 claim based on an equal protection theory is DENIED.

(*See* ECF No. 42.)

Presently before the Court is Defendants' Motion for Reconsideration on the limited issue of Plaintiff's failure to comply with NYS Notice of Claim Requirements. (*See* ECF No. 43.)

## BACKGROUND

The Court presumes the parties' familiarity with the facts of this case and will recite only those necessary for adjudicating the instant motion.

Plaintiff raised sex and disability-based discrimination and retaliation claims under New York State Human Rights Law Executive Law §§ 296-97. (Amended Compl. ¶¶ 69-76.) The parties agree that the pleading standards for discrimination and retaliation claims raised under New York State Law mirror the pleading requirements under Title VII and the ADA. (*See* Def. Mem. at 17-18; Pl. Opp. at 21.) Additionally, the parties agree that Plaintiff did not file a notice of claim pursuant to New York State County Law Section 52 with regards to her state law claims. (*See* ECF Nos. 38, 41, 43, 44.) Defendants argue that this procedural deficiency is fatal to Plaintiff's state law claims. (*See* Defendant's Letter, ECF No. 43) ("Importantly, notice of claim requirements are strictly construed and failure to comply requires dismissal.")(citing *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999)). Plaintiff, however, contends that the notice of claim requirements set out in N.Y. Cnty. Law Section 52 only apply to tort claims based on General Municipal Law Section 50-e. (*See* Plaintiff's Letter, ECF No. 44) (citing *Margerum v. City of Buffalo*, 24 N.Y.3d 721, 733, 28 N.E.3d 515 (2015)). This Court agrees with Defendants.

2

**ANALYSIS**

In *Russell v. Westchester Cmty. Coll.*, 2017 U.S. Dist. LEXIS 159540, at * 15-21 (S.D.N.Y. Sept. 27, 2017), this Court discussed the exact opinion split that the parties presently have. There, too, the defendants argued that New York state claims for employment discrimination or retaliation brought under state law in federal court are subject to New York state procedural rules and that, "in general, as a condition precedent to bringing a claim against a municipality, a plaintiff must file a notice of claim within 90 days after her claim accrues." (*Id.*) (citing cases.) And there, too, the plaintiff tried to argue that the plain meaning of N.Y. Cnty. Law Section 52 as well as the exclusionary language of General Municipal Law Section 50-e made the notice of claim requirements inapplicable, where the action was not a tort action. (*Id.*)

The *Russell* Court explained in depth why the notice of claim requirements set out in N.Y. Cnty. Law Section 52 do, in fact, apply to employment claims brought against municipal entities, particularly considering the decisions in *Margerum*, 24 N.Y.3d 721, which the present parties both cite, and *Sager v. County of Sullivan*. *See id.* ("a notice of claim remains a prerequisite to employment discrimination claims against the County.") (citing *Sager v. County of Sullivan*, 145 A.D.3d 1175, 41 N.Y.S.3d 443, 444 (App. Div. 2016)) ("By comparison, County Law § 52 applies to the claim against [a county] . . . and mandates notices of claim in a much broader scope of matters . . . requiring that a notice of claim be filed for "any claim . . . against a county for damage" or "any other claim for damages arising at law or in equity.")

This Court has reviewed the language of both statutes and the case law cited by both parties. It reaches the same conclusion as the *Russell* Court and finds it clear that the notice of claim requirements set out in County Law Section 52 do generally apply to New York State Human Rights Law Claims for employment discrimination and retaliation.

Here, Plaintiff has not complied with those notice requirements. Accordingly, Defendants' Motion for Reconsideration is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Reconsider is GRANTED. Accordingly, Plaintiff's claims for sex-based discrimination and retaliation under New York State law are DISMISSED. Defendants are directed to answer the Amended Complaint by February 22, 2019 and submit a completed case management plan to chambers by March 1, 2019.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 43.

Dated: January 23, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge