USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/27/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE MELENDEZ,

                          Plaintiff,

    -against-

COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTIONS
SUPERIOR OFFICE, and KEVIN CHEVERKO,
*individually and in his official capacity,*

                         Defendants.

17-cv-9637 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge

    On February 8, 2021, the Court granted Defendants' motion for summary judgment, dismissing Plaintiff's claims and this action. (ECF No. 80.) The following day, the Clerk of Court issued the judgment. (ECF No. 81.) On March 5, 2021, Defendants filed a bill of costs in the amount of $1,818.15 for deposition transcripts obtained in this case. (ECF No 82.) Plaintiff opposed, submitting a declaration of financial hardship. (ECF No. 83.) The Court ordered Defendants to reply (ECF No. 84), which they did, asking the Court to consider taxation of costs based on other available funds. (ECF No. 85.) The Clerk of Court subsequently issued a Bill of Costs/Notice of Taxation in the amount of $1788.15. (ECF No. 86.) Plaintiff renewed her opposition to taxation of costs on the basis of financial hardship. (ECF No. 87). The Court deems Plaintiff's opposition (ECF No. 83) and subsequent letter (ECF No. 87) a motion to vacate the Clerk's Bill of Costs, which Defendants opposed (ECF No. 85). For the following reasons, the Court GRANTS Plaintiff's motion to vacate on the basis of financial hardship.

    Federal Rule of Civil Procedure 54(d)(1) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the

prevailing party . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) is phrased permissively . . .because it permits a court to refuse to impose costs on the losing party at all." *Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001). "[D]enial of costs may be appropriate where," *inter alia*, "a losing party can demonstrate . . . its own limited financial resources." *Moore v. County of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009). Ultimately, a district court has "equitable discretion in awarding or denying costs." *Id.*

Plaintiff attests that she is unemployed, earns less than $400 per week in unemployment benefits, has less than $600 in her bank account, has mounting credit card debt of over $8,000, and has an average of $3,000 in monthly expenses. (ECF No. 83-1.) Defendants do not dispute the foregoing but counter that Plaintiff's declaration "paints an incomplete picture of Plaintiff's financial situation" because (1) Plaintiff is not the sole source of income for her household where she lives with her partner of nine years who has an annual salary of approximately $90,000, and (2) Plaintiff was represented by counsel on a contingent-fee basis throughout this litigation so the Court should consider the availability of funds from the Derek Smith Law Group. (ECF No. 85.)

Having presided over this matter through the pleading and summary judgment stages, the Court is confident that even though Plaintiff did not prevail on her claims, this action was not pursued in bad faith. Further, "costs are to be taxed against the losing party." *Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001). That the Second Circuit has recognized that district courts may consider sources other than the losing party, *see Hogan v. Novartis Pharms. Corp.*, 548 F. App'x 672, 674 (2d Cir. 2013) (holding that district court did not abuse discretion by considering availability of funds from plaintiff's attorney who had contracted for an interest in her legal claim), does not mean that district courts must impose such costs, *see Wilder*, 258 F.3d at 129 ("Rule

54(d)(1) is phrased permissively not because it permits a court to impose costs on counsel instead of the losing party, but rather because it permits a court to refuse to impose costs on the losing party at all."). The Court finds that, in light of the uncontested evidence that Plaintiff is unemployed and suffering from financial hardship, it would be inequitable to tax costs here.

Accordingly, the Court GRANTS Plaintiff's motion to vacate the Clerk's Bill of Costs and directs the Clerk of Court to vacate the Bill of Costs at ECF No. 86.

Dated:  April 27, 2021                                                SO ORDERED:
        White Plains, New York

                                                                     _____
                                                                     NELSON S. ROMÁN
                                                                     United States District Judge

3